UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY R. LUCIANO,

         Plaintiff,     DECISION AND ORDER

-vs-

                    1:19-CV-1137 (CJS)

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.
_____

INTRODUCTION

  Plaintiff Tiffany R. Luciano ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Pl.'s Mot., Jan. 24, 2020, ECF No. 8; Def.'s Mot., Apr. 23, 2020, ECF No. 13. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 8) is granted, the Commissioner's motion (ECF No. 13) is denied, and the matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for limited administrative proceedings consistent with this decision.

1

PROCEDURAL HISTORY

The Court assumes the reader's familiarity with the facts and procedural history in this case, and therefore addresses only those facts and issues which bear directly on the resolution of the motions presently before the Court. Plaintiff completed her DIB application on September 10, 2016, alleging an onset date of November 30, 2014. Transcript ("Tr."), 180, Nov. 25, 2019, ECF No. 6. That same day, she also filed an application for SSI benefits. Tr. 187. On December 6, 2016, the Commissioner determined that Plaintiff was not disabled, and that she did not qualify for either DIB or SSI benefits. Tr. 105. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 121.

Plaintiff's request was approved and the hearing was held on December 14, 2018, in Buffalo, New York. Tr. 36. Plaintiff appeared with her attorney, Zachary Zabawa. Tr. 36. Vocational expert Kenneth Jones testified by telephone. Tr. 72–78. Attorney Zabawa provided the following opening statement:

> [Plaintiff] is a 31-year-old female making her a younger individual. The highest level of education that she's received is a grade 10.
>
> [Plaintiff]'s limitations include the chronic back pain, the scoliosis, the bilateral wrist pain, the hidradenitis, anxiety, PTSD, ADHD, and her learning disability. She presents as essentially functionally illiterate. She has difficulties interacting and relating with others, interacting outside of her home in an adequate manner, and we believe that these difficulties make her unable to work on a regular and consistent basis.

Tr. 42.

During her testimony at the hearing, Plaintiff expanded upon her attorney's remarks, stating:

> I can't stand for long . . . . and when I – maybe I can stand for 5/10 minutes. Even sitting in the chair right now, I have really bad pressure on my back and it goes down to my legs. My nerves hit my legs. Sorry, my disc hit my nerves and so my knees go out in my legs – in my right leg and being held up by gunpoint [while working as a cashier in 2014], I really can't be around anybody. I start getting real bad anxiety and then I'll have to leave . . . . Then I won't be able to breathe or start getting sick. So I'm more comfortable at home . . . . or with people I know that won't hurt me.

Tr. 58. After further discussion, the ALJ asked Plaintiff to pinpoint the "main thing that's wrong with you that makes it difficult for you to work," and the Plaintiff responded with three things: "My back and my paranoia and my learning disability." Tr. 69.

In her decision on February 15, 2019, the ALJ found that Plaintiff was not disabled, and denied both DIB and SSI benefits. Tr. 30. On June 25, 2019, the Social Security Administration's Appeals Council denied Plaintiff's request for further review of the ALJ's decision. Tr. 1. The ALJ's decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

In seeking reversal of the Commissioner's decision, Plaintiff argues that the ALJ's reliance on "stale" opinions resulted in a disability decision not supported by substantial evidence. Pl.'s Mem. of Law, 15, Jan. 24, 2020, ECF No. 8-1. In particular, Plaintiff maintains that the ALJ erred by relying upon the 2016 medical mental health opinions of consultative examiner Dr. Susan Santarpia, Ph.D., and of state agency psychological consultant Dr. Blackwell, which were outdated and inaccurate, as they were formulated prior to her diagnosis and treatment for agoraphobia. Pl.'s Mem. of Law at 18. Additionally, Plaintiff contends that the ALJ's findings with respect to her physical

3

impairments were not supported by substantial evidence because the opinions of consultative examiner Dr. John Schwab, D.O., and of physical therapist Elizabeth Zorn were also "stale." Pl.'s Mem. of Law at 23.

The Commissioner disputes Plaintiff's contentions and maintains that the ALJ's decision is free of legal error and supported by substantial evidence.

## LEGAL STANDARDS

The law defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to qualify for DIB benefits, the DIB claimant must satisfy the requirements for a special insured status. 42 U.S.C. § 423(c)(1). In addition, the Social Security Administration has outlined a "five-step, sequential evaluation process" to determine whether a DIB or SSI claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008); 20 C.F.R. § 404.1520(a)(4)(i)–(v), § 416.920(a)(4)(i)–(v)).

The claimant bears the burden of proof for the first four steps of the sequential evaluation. 42 U.S.C. § 423(d)(5)(A); *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999). At step five, the burden shifts to the Commissioner only to demonstrate that there is other work in the national economy that the claimant can perform. *Poupore v. Asture*, 566 F.3d 303, 306 (2d Cir. 2009).

42 U.S.C. § 405(g) defines the process and scope of judicial review of the final decision of the Commissioner on whether a claimant has a "disability" that would entitle him or her to DIB and SSI benefits. *See also* 42 U.S.C. § 1383(c)(3). The reviewing court must first determine "whether the Commissioner applied the correct legal standard." *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999) (citations omitted). Provided the correct legal standards are applied, a finding by the Commissioner is "conclusive" if it is supported by "substantial evidence." 42 U.S.C. § 405(g). In other words, "[w]here the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

## DISCUSSION

In this case, the ALJ found that the Claimant met the special insured status requirements of the Social Security Act through December 31, 2014. Tr. 12. At step one of the five-step evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2014, the alleged disability onset date. Tr. 18. At step two, the ALJ determined that Plaintiff has severe mental and physical impairments: disorders of the spine including scoliosis, disc herniations at L4-5, lumbago

with sciatica and radicular pain, asthma, hidradenitis suppurativa, anxiety, post-traumatic stress disorder (PTSD), agoraphobia, learning disorder, and attention deficit and hyperactivity disorder. Tr. 18. The ALJ also noted that although the record documents Plaintiff's hypertension and dyslipidemia, there is no evidence that those conditions cause more than minimal work-related limitations. Tr. 18–19.

At step three of the process, the ALJ determined that none of Plaintiff's impairments, mental or physical, considered either individually or in combination, meet or medically equal the severity of the listed impairments in 20 C.F.R. Pt. 404, Subpart P, App'x 1. Tr. 19. In assessing the severity of Plaintiff's mental impairments, the ALJ considered the four "paragraph B" functional criteria found in 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00E. Tr. 20–21. The ALJ found that Plaintiff has a moderate limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation with regard to concentrating, persisting, or maintaining pace; and a moderate limitation for adapting or managing oneself. Tr. 20–21. The ALJ noted that these findings satisfied neither the "Paragraph B" or "Paragraph C" criteria for Mental Disorders. Tr. 21.

Then, before proceeding to step four, the ALJ made a determination of Plaintiff's residual functional capacity. "Residual functional capacity" ("RFC") means the most that the claimant can still do in a work setting despite the limitations caused by the claimant's impairments. 20 C.F.R. § 404.1545, § 416.945. After careful consideration of the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and § 416.967(a), except that Plaintiff:

> [C]an occasionally stoop, kneel, crouch and crawl, climb stairs but can never climb ladders, ropes, ladders [sic] or scaffolds. The claimant cannot be exposed to temperature extremes or outdoor work. The claimant must avoid exposure to humidity or wetness, exposure to fumes, odors, gases, smoke or other pulmonary irritants. The claimant can perform simple routine work (1-2 step tasks) and make simple workplace decisions, not at production rate pace (assembly line pace). The claimant can maintain attention and concentration for 2-hour blocks of time. The claimant can tolerate minimal changes in workplace processes and settings. The claimant can tolerate occasional interaction with supervisors but only incidental contact interaction with coworkers and the public.

Tr. 22.

At step four, the ALJ found that Plaintiff has no past relevant work, because she has not worked a position at substantial gainful activity levels in the past fifteen years and done so long enough to learn a position. Tr. 29 (citing 20 C.F.R. § 404.1565, § 416.965). Nevertheless, the ALJ determined at step five that, considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she can perform. *See* 20 C.F.R. § 404.1569, § 416.969. Relying on the vocational expert's testimony, the ALJ found that a person of Plaintiff's age, education, work experience and RFC could perform such jobs in the national economy as a dowel inspector, ink printer, and addresser. Tr. 30. Hence, the ALJ found Plaintiff *was not* disabled for the purposes of DIB or SSI. Tr. 30.

<u>Plaintiff's Physical Capacity</u>

Plaintiff argues that the ALJ's RFC finding with respect to her physical functioning fails to account for her continued physical deterioration, and does "not take into account the fact that Plaintiff was having difficulty transferring her body without human assistance or use of an assistive device." Pl.'s Mem. of Law at 23. Specifically,

7

Plaintiff points out that she needed an assistive device to use the toilet or take a shower, that her pain and stiffness caused her difficulty in ambulating, that her back pain allows her to stand for only five to ten minutes before she has to sit down, that a herniated disc pressures her nerve and causes knee and leg issues, and that her doctor prescribed her a cane. Pl.'s Mem. of Law at 23. Notwithstanding Plaintiff's argument, the Court finds that the ALJ's findings with respect to Plaintiff's physical impairments were supported by substantial evidence.

As indicated above, provided the correct legal standards are applied, a finding by the Commissioner is "conclusive" if it is supported by "substantial evidence." 42 U.S.C. § 405(g). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

To determine whether a finding, inference or conclusion is supported by substantial evidence, "[t]he Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada*, 167 F.3d at 774 (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997)). The reviewing court will defer to the Commissioner where his finding is supported by substantial evidence, as it is not the reviewing court's function to determine *de novo* whether a plaintiff is disabled. *Brault v.*

*Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012).

In the present case, the ALJ noted that Plaintiff testified that she has "difficulty with lifting, squatting, bending, standing, reaching, using hands, walking, sitting, kneeling, and climbing." Tr. 22. The ALJ also acknowledged Plaintiff's testimony that "she is able to lift less than 11 pounds, stand for 5–10 minutes, sit for 5–10 minutes, walk for short distances . . . . [and] uses a cane for ambulation." Tr. 22. Nevertheless, in her discussion of the medical record, the ALJ provided a thorough explanation of the evidence supporting her RFC determination. The ALJ stated,

> Pursuant to 16-3p, and in consideration of the objective medical evidence which can reasonably produce the alleged symptoms, such as pain, [Plaintiff]'s alleged daily activities are not entirely consistent with the claimant's allegation of disabling physical and mental symptoms and limitations. For example, the claimant reported and testified to the independent ability to engage in personal hygiene, prepare simple meals, engage in household chores, visit with friends and family, shop, use a computer or smart phone, handle finances, watch television, care for pets and children, and maintain the ability to operate a motor vehicle. The above activities of daily living require significant physical and mental demands, which are not consistent with the level of limitation the claimant alleges. Accordingly, the undersigned finds that the claimant's activities of daily living suggest a greater degree of functional capability than claimed.

Tr. 23 (internal citations to the record omitted).

Further, after a consideration of her treatment records for asthma treatment, hidradenitis suppurativa, and spine disorders, the ALJ quoted Plaintiff's treating sources as reporting the asthma was "mild" and "intermittent," her hidradenitis suppurativa had "excellent results" on Humira therapy, and that although she has chronic pain, her spine has "normal" strength and range of motion. Tr. 25. These records are consistent with consultative examiner Dr. Schwab's conclusion in October 2016 that Plaintiff has "mild

restriction to bending, lifting and carrying heavy objects given her spinal disorder." Tr. 25, 330.[1] They are also consistent with physical therapist Elizabeth Storn's conclusion, based on her examination of Plaintiff, that Plaintiff "was able to perform the full capacity for sedentary work . . . ."

Because the ALJ made her finding based on a comprehensive review of both sides of the evidence in the record, which was adequately explained in her decision, the Court finds that the ALJ's findings with respect to Plaintiff's physical impairments were supported by substantial evidence.

Plaintiff's Mental Impairments

Plaintiff also argues that the ALJ's findings with respect to Plaintiff's mental impairments were not supported by substantial evidence because they were based on the "stale" opinions of consultative examiner Dr. Santarpia, and non-examining state agency psychological consultant Dr. Blackwell in 2016. Pl.'s Mem. of Law at 17. Plaintiff argues that her mental functioning "significantly declined after the rendering of the above opinions," as evidenced by her August 2017 diagnoses of agoraphobia, anxiety disorder, and PTSD. Pl.'s Mem. of Law at 18. She states that this significant decline created an evidentiary gap that the ALJ was required to remedy by obtaining a consultative examination or requesting additional opinion evidence regarding Plaintiff's mental health. Pl.'s Mem. of Law at 18. The Court agrees.

---

[1] Dr. Schwab's exam notes were also accompanied by a report from a "Lumbosacral Spine X-Ray" by Dr. Lawrence S. Liebman, M.D., that stated, "The height of the vertebral bodies and intervertebral disc spaces is relatively well maintained. The pedicles are intact. There is a mild rotatory levoscoliosis. There is straightening." Tr. 331.

10

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record. This duty exists even when the claimant is represented by counsel." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). The record as a whole must be complete and detailed enough to allow the ALJ to determine the claimant's residual functional capacity. *See* 20 C.F.R. § 404.1513(e); *see also Haymond v. Colvin*, No. 1:11–CV–0631(MAT), 2014 WL 2048172, *7 (W.D.N.Y. May 19, 2014). "[T]he courts of this Circuit have repeatedly held that an A.L.J. has a heightened duty to develop the record when a claimant is alleging mental illness." *Stack v. Comm'r of Soc. Sec.*, No. 19-CV-466, 2020 WL 5651601, at *3 (W.D.N.Y. Sept. 23, 2020).

Here, the Court notes that although the ALJ's decision contains a thorough discussion of Plaintiff's testimony, the medical evidence, and the medical opinions of Dr. Santarpia and Dr. Blackwell up to 2016, the record is devoid of opinion evidence following Plaintiff's diagnosis with agoraphobia in 2017. After her examination of Plaintiff in October 2016, consultative examiner Dr. Santarpia diagnosed Plaintiff with generalized anxiety disorder, as well as "rule out" PTSD, and "rule out" obsessive compulsive disorder.[2] Tr. 322. Relying upon Dr. Santarpia's examination, as well as other medical evidence in the record, non-examining state agency psychological consultant Dr. Blackwell found that Plaintiff "retains the ability to perform the basic mental demands

---

[2] As other courts in this Circuit have recognized, "'Rule-out' references a provisional diagnosis to be ruled out with further medical investigation." *Castro v. Comm'r of Soc. Sec.*, No. 15-CV-336 (MKB), 2016 WL 1274542, at *4 (E.D.N.Y. Mar. 31, 2016) (citing *inter alia*, *Beach v. Comm'r of Soc. Sec.*, No. 11-CV-2089, 2012 WL 3135621, at *8 (S.D.N.Y. Aug. 2, 2012) ("In the medical context, a 'rule-out' diagnosis means there is evidence that the criteria for a diagnosis may be met, but more information is needed in order to rule it out.")). Citations to a "rule out" diagnoses are of no significance, as a "rule out" diagnosis is not, in itself, a diagnosis. *Anderson v. Berryhill*, No. 14-CV-6937 (DLI), 2017 WL 1154993, at *11 (E.D.N.Y. Mar. 27, 2017) (citations omitted).

of unskilled work activity." Tr. 86. The ALJ gave Dr. Santarpia's opinion "some weight," and Dr. Blackwell's opinion "great weight." Tr. 26–27.

However, in August 2017, Plaintiff apparently experienced an "exacerbation" such that her treating physician at Summit Mental Health Care, Dr. Jeffrey O. Burnett, referred Plaintiff to the Visiting Nursing Association of WNY ("VNA") with diagnoses of agoraphobia, anxiety disorder, and chronic PTSD. Tr. 534, 1151. Thereafter, VNA conducted frequent home healthcare visits beginning in August 2017, and continuing through the date of the hearing. Tr. 957, 1080. The notes from these visits run over 600 pages, and consistently indicate high anxiety, which Plaintiff managed primarily by staying home.

"A gap of time between when an opinion is rendered and the disability hearing and decision does not automatically invalidate that opinion; however, such an opinion may be stale if the claimant's condition deteriorates during that time." *Majdandzic v. Comm'r of Soc. Sec.*, No. 17-CV-1172-FPG, 2018 WL 5112273, at *3 (W.D.N.Y. Oct. 19, 2018). "[M]edical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015).

Here, the ALJ considered the medical opinions of Dr. Santarpia and Dr. Blackwell from 2016 that diagnosed Plaintiff with an anxiety disorder. Yet, with access to the records from VNA, and having taken Plaintiff's testimony, the ALJ concluded that not only was Plaintiff's functionality limited by the severe mental impairment of anxiety, but that she suffered from the severe mental impairments of agoraphobia and PTSD, as well.

12

Nevertheless, despite evidence of the 2017 diagnosis of agoraphobia and PTSD, the ALJ gave "some weight" to Dr. Santarpia's opinion, and "great weight" to Dr. Blackwell's opinion, in her finding that Plaintiff's RFC was not so limited as to render her disabled.

This was error. In this case, "the record was bereft of any up-to-date medical opinion regarding Plaintiff's mental functioning." *Kester v. Comm'r of Soc. Sec.*, No. 1:18-CV-00989 EAW, 2020 WL 702656, at *4 (W.D.N.Y. Feb. 12, 2020). "[B]ecause there was an obvious gap in the administrative record as it related to [Plaintiff's] mental functioning, the ALJ was obligated to make a reasonable effort to fill that gap before rejecting [Plaintiff's] application for disability benefits. More specifically, the ALJ was required to obtain a non-stale medical source statement . . . ." *Pervaiz v. Comm'r of Soc. Sec.*, No. 18-CV-1283, 2019 WL 6875232, at *7 (W.D.N.Y. Dec. 17, 2019) (quotation and original alteration omitted). The Court accordingly finds that remand of this matter for additional development of the record (and a limited re-evaluation of Plaintiff's application in light of the expanded record) is necessary.

The Court must emphasize the limited nature of this remand. As indicated above, the Plaintiff has failed to demonstrate that the ALJ's findings with respect to her physical impairments are not based on substantial evidence. Moreover, having reviewed the entire record, including the medical evidence, Plaintiff's testimony, and the medical opinions, the Court finds that Plaintiff has also failed to demonstrate that the ALJ's findings with respect to Plaintiff's mental impairments were not based on substantial evidence up to the "exacerbating" event(s) in August 2017 that led to Plaintiff's diagnosis with agoraphobia and PTSD. *See, e.g.,* Tr. 528–535.

Therefore, to the extent that Plaintiff is entitled to a remand based on the ALJ's findings with respect to her mental impairments, it is only because the Court finds that Dr. Santarpia's and Dr. Blackwell's medical opinions do not account for what appear to be Plaintiff's worsening condition following the "exacerbating" event(s) of August 2017 that led to Plaintiff's diagnosis with agoraphobia and PTSD. On remand, the ALJ need only fill the evidentiary gap regarding Plaintiff's mental impairment(s) following the exacerbating event(s) of August 2017.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion for judgment on the pleadings (ECF No. 8) is granted, the Commissioner's motion (ECF No. 13) is denied, and the matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for limited administrative proceedings consistent with this decision.

DATED:	September 30, 2020
	Rochester, New York

	/s/ Charles J. Siragusa
	CHARLES J. SIRAGUSA
	United States District Judge