UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY L.[1],

                                        Plaintiff,                  DECISION AND ORDER

-vs-

                                                                       1:19-CV-1137 (CJS)

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

## INTRODUCTION

This matter is now before the Court on an application by Plaintiff Tiffany L. ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1). Pl.'s Mot., Dec. 29, 2020, ECF No. 17. Defendant Commissioner of Social Security ("Commissioner") has challenged Plaintiff's application, arguing that Plaintiff is not entitled to fees because the Commissioner's position was substantially justified both at the administrative level and before this Court. Resp., Jan. 29, 2021, ECF No. 19. In the alternative, the Commissioner maintains that the amount of fees Plaintiff requests is unreasonable, and should be reduced. *Id.* at 6. For the reasons discussed below, Plaintiff's application [ECF No. 17] is granted and Plaintiff is awarded $9,373.64 in attorney's fees.

---

[1] The Court's Standing Order issued on November 18, 2020, indicates in pertinent part that, "[e]ffective immediately, in opinions filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in the United States District Court for the Western District of New York, any non-government party will be identified and referenced solely by first name and last initial."

PROCEDURAL HISTORY

The Court assumes the reader's familiarity with the facts and procedural history in this case, and therefore addresses only those facts and issues which bear directly on the resolution of the application presently before the Court. Plaintiff applied for disability benefits on September 10, 2016, claiming that she was rendered disabled by both physical and mental impairments. Transcript ("Tr."), 180, Nov. 25, 2019, ECF No. 6. On December 6, 2016, the Commissioner determined that Plaintiff was not disabled, and that she did not qualify for benefits. Tr. 105. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 14, 2018. Tr. 36. In her decision on February 15, 2019, the ALJ found that Plaintiff was not disabled, and denied her benefits. Tr. 30. On June 25, 2019, the Social Security Administration's Appeals Council denied Plaintiff's request for further review of the ALJ's decision. Tr. 1.

Plaintiff then sought judicial review of the ALJ's decision in the federal district court pursuant to 42 U.S.C. § 405(g). This Court found, in pertinent part:

> Because the ALJ made her finding based on a comprehensive review of both sides of the evidence in the record, which was adequately explained in her decision, the Court finds that the ALJ's findings with respect to Plaintiff's physical impairments were supported by substantial evidence.
>
> * * *
>
> [With respect to Plaintiff's mental impairments,] the ALJ considered the medical opinions of Dr. Santarpia and Dr. Blackwell from 2016 that diagnosed Plaintiff with an anxiety disorder. Yet, with access to the records from [Visiting Nursing Association], and having taken Plaintiff's testimony, the ALJ concluded that not only was Plaintiff's functionality limited by the severe mental impairment of anxiety, but that she suffered from the severe mental impairments of agoraphobia and PTSD, as well. Nevertheless, despite evidence of the 2017 diagnosis of agoraphobia and PTSD, the ALJ gave "some weight" to Dr. Santarpia's opinion, and "great weight" to Dr.

> Blackwell's opinion, in her finding that Plaintiff's RFC was not so limited as to render her disabled.
>
> This was error. In this case, "the record was bereft of any up-to-date medical opinion regarding Plaintiff's mental functioning." *Kester v. Comm'r of Soc. Sec.*, No. 1:18-CV-00989 EAW, 2020 WL 702656, at *4 (W.D.N.Y. Feb. 12, 2020). "[B]ecause there was an obvious gap in the administrative record as it related to [Plaintiff's] mental functioning, the ALJ was obligated to make a reasonable effort to fill that gap before rejecting [Plaintiff's] application for disability benefits. More specifically, the ALJ was required to obtain a non-stale medical source statement . . . ." *Pervaiz v. Comm'r of Soc. Sec.*, No. 18-CV-1283, 2019 WL 6875232, at *7 (W.D.N.Y. Dec. 17, 2019) (quotation and original alteration omitted). The Court accordingly finds that remand of this matter for additional development of the record (and a limited re-evaluation of Plaintiff's application in light of the expanded record) is necessary.
>
> The Court must emphasize the limited nature of this remand. As indicated above, the Plaintiff has failed to demonstrate that the ALJ's findings with respect to her physical impairments are not based on substantial evidence. Moreover, having reviewed the entire record, including the medical evidence, Plaintiff's testimony, and the medical opinions, the Court finds that Plaintiff has also failed to demonstrate that the ALJ's findings with respect to Plaintiff's mental impairments were not based on substantial evidence up to the "exacerbating" event(s) in August 2017 that led to Plaintiff's diagnosis with agoraphobia and PTSD. *See, e.g.,* Tr. 528–535.
>
> Therefore, to the extent that Plaintiff is entitled to a remand based on the ALJ's findings with respect to her mental impairments, it is only because the Court finds that Dr. Santarpia's and Dr. Blackwell's medical opinions do not account for what appear to be Plaintiff's worsening condition following the "exacerbating" event(s) of August 2017 that led to Plaintiff's diagnosis with agoraphobia and PTSD. On remand, the ALJ need only fill the evidentiary gap regarding Plaintiff's mental impairment(s) following the exacerbating event(s) of August 2017.

*Luciano v. Comm'r of Soc. Sec.*, No. 1:19-CV-1137 (CJS), 2020 WL 5810010, at *5–*7 (W.D.N.Y. Sept. 30, 2020).

On December 29, 2020, Plaintiff filed the instant application for attorney's fees pursuant to the EAJA.

3

LEGAL STANDARD

The EAJA provides for the award of attorney's fees and other costs and expenses to a prevailing party in an action against the United States, "including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under the statute, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based. . . ." 28 U.S.C. § 2412(d)(2)(D).

If the Court finds that the position of the United States was not substantially justified, and that there were no special circumstances to make an award unjust, then "[t]he Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." *Hogan v. Astrue*, 539 F. Supp.2d 680, 682 (W.D.N.Y. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Alnutt v. Cleary*, 27 F. Supp.2d 395, 399 (W.D.N.Y.1998)).

DISCUSSION

Plaintiff's original EAJA application seeks $8,071.64 in attorney's fees for work performed on her behalf in 2019 and 2020. Pl. Mem. of Law, Dec. 29, 2020, ECF No. 17-1. Plaintiff's attorney, Corinne Manfredi, Esq., has submitted a declaration in support of Plaintiff's application, which includes an itemization of the 38.7 hours she expended in the case. Decl., ¶ 4, Dec. 29, 2020, ECF No. 17-2. The Commissioner challenges Plaintiff's EAJA application on the grounds that the government's position was

4

substantially justified or, in the alternative, that Plaintiff's fee[2] request is unreasonable. Resp. at 3–8. In a separate declaration, filed with her reply papers, Attorney Manfredi states that she spent an added 6.2 hours drafting her reply to the Commissioner's opposition to her EAJA motion, and that she is therefore entitled to another $1,302.00 on top of the $8,071.64 originally requested. Decl. II, 1–2, Feb. 12, 2021, ECF No. 22-1.

Substantially Justified

The Commissioner argues that its position, both at the administrative level and before this Court, was substantially justified, and therefore that Plaintiff is not entitled to attorney's fees and expenses under the EAJA. In particular, the Commissioner notes that upon review of the administrative record, this Court found that the ALJ's determinations with respect both to Plaintiff's physical impairments, and to Plaintiff's mental impairments until her "exacerbating events" in 2017, were supported by substantial evidence. The limited remand to the Commissioner was exclusively to close the gap in the record after 2017 regarding Plaintiff's mental impairments. Therefore, the Commissioner maintains that its "position, although erroneous, was not so devoid of legal or factual support that a fee award is appropriate." Resp. at 6 (quoting *Kirkland v. Railroad Retirement Bd.*, 706 F.2d 99, 105 (2d Cir. 1983)). The Court disagrees.

As indicated above, the Commissioner bears the burden of showing that its position was "substantially justified," which the Supreme Court has construed to mean "justified to a degree that could satisfy a reasonable person." *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce*, 487 U.S. at 565). "To make this

---

[2] The Commissioner does not challenge the hourly rates that Attorney Manfredi seeks to charge for her work, only that the hours for which Attorney Manfredi should be compensated should be reduced.

showing, the Commissioner must demonstrate that his position had a 'reasonable basis both in law and fact.'" *Id*. at 82. That is, the Commissioner must show that "a reasonable person could think it correct." *Pierce*, 487 U.S. at 566 n.2. "The Commissioner cannot prevail by arguing that he was substantially justified in some of the positions he took if he was not substantially justified on all the positions." *Walker v. Astrue*, No. 5:04-CV-891(NAM/GJD), 2008 WL 4693354, at *2 (N.D.N.Y. Oct. 23, 2008) (citing *Maxey v. Chater*, 1996 WL 492906, at *3 (N.D.N.Y.1996); *Myers v. Sullivan*, 916 F.2d 659, 666 n. 5 (11th Cir. 1990)).

Notwithstanding the Commissioner's reiteration of his argument that the ALJ was permitted to base her RFC finding on the entire record rather than a specific medical opinion, the fact remains that this Court concluded there was a gap in the administrative record. *Luciano*, 2020 WL 5810010 at *6. It is well-settled that, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). While the Court concedes the possibility that a full development of the administrative record in this case may ultimately reveal that the ALJ's assessment of Plaintiff's claim for benefits was correct, such an outcome "does not . . . mean that the Commissioner was substantially justified in arguing that the ALJ's initial decision, made without adequate record development, was supported by substantial evidence." *Padula v. Colvin*, 602 F. App'x 25, 28 (2d Cir. 2015). Given the ALJ's affirmative legal duty to develop the record, no reasonable person would believe that it was correct for the ALJ to make an RFC determination without adequately developing the

record. Accordingly, the Court finds that the Commissioner's position was not substantially justified.

Reasonableness

In the alternative, the Commissioner maintains that Plaintiff's fee request of $8,071.64 for 38.7 hours of work is unreasonable because Attorney Manfredi's firm represented Plaintiff at both the administrative level and before this Court, and hence ought to have been more efficient with its time. Resp. at 6. In making its argument, the Commissioner does not challenge the hourly rates that Plaintiff's counsel seeks to charge. Rather, the Commissioner argues that Plaintiff's inclusion of billed time for reviewing and drafting a factual statement for the action in this Court, even though Attorney Manfredi's firm already represented Plaintiff at the administrative level, is unreasonable and duplicative because it asks the government to bear the costs of the law firm's internal decision to assign different attorneys to represent Plaintiff at the various stages of her case. Resp. at 7–8. Accordingly, the Commissioner asks this Court to reduce Plaintiff's EAJA fee award by $1,645.17. Resp. at 8.

In this Circuit, courts measure the reasonableness of fees using the lodestar approach, in which "'the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate.'" *Id.* at 682 (quoting *Hensley*, 461 U.S. at 433). The Court must also examine the circumstances surrounding the case, including whether it presents novel or complicated issues of law, or particularly complex facts. *James v. Colvin*, 66 F. Supp.3d 365, 367 (W.D.N.Y. 2014) (citing *Scott v. Astrue*, 474 F. Supp.2d 465, 466 (W.D.N.Y.2007)). "Generally, district courts in this Circuit have held that a

routine social security case requires from twenty to forty hours of attorney time." *Id.* (citation omitted); *see also Padula*, 602 F. App'x at 28 (stating that 81.8 hours amounts to over double the amount of hours awarded for routine social security cases).

The Court is familiar with the administrative record in this case, as well as the legal arguments both parties advanced in support of their respective motions for judgment on the pleadings, and finds that the present case is routine. Further, the Court has reviewed the itemized statement of time expended on the matter that Attorney Manfredi submitted in support of Plaintiff's motion for fees, and finds that the time billed for this matter is in line with attorney billing for such routine cases. *See James*, 66 F. Supp.3d at 367. Consequently, the Court finds that an award of $8,071.64 is reasonable.

Fees on Fees

In addition to the $8,071.64 she originally requested, Plaintiff's reply to the Commissioner's challenge to her fees application requests an additional $1,302.00 in "Fees on Fees" to compensate Attorney Manfredi at the rate of $210.00 per hour for the additional 6.2 hours she spent responding to the Commissioner's opposition. Reply, 8, Feb. 12, 2021, ECF No. 22. The Supreme Court has stated that:

> [T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions . . . . The EAJA applies to a wide range of awards in which the cost of litigating fee disputes would equal or exceed the cost of litigating the merits of the claim. If the Government could impose the cost of fee litigation on prevailing parties by asserting a "substantially justified" defense to fee applications, the financial deterrent that the EAJA aims to eliminate would be resurrected. The Government's general interest in protecting the federal fisc is subordinate to the specific statutory goals of encouraging private parties to vindicate their rights and curbing excessive regulation and the unreasonable exercise of Government authority.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163–65 (1990) (internal citations and quotation marks omitted). The Supreme Court further stated that "[t]he purpose and legislative history of the statute reinforce our conclusion that Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute." *Id.* at 165.

Due to Plaintiff's success on the EAJA motion, the Court finds that she is also entitled to the additional compensation she seeks for researching and drafting her reply to the Commissioner's opposition. *Shaffer v. Comm'r of Soc. Sec.*, No. 16-CV-874-FPG, 2018 WL 5668511, at *4 (W.D.N.Y. Nov. 1, 2018) (citing *Pereia v. Astrue*, 739 F. Supp.2d 267, 272 (E.D.N.Y. 2010) (finding that 6.2 hours spent on an EAJA reply brief was reasonable and awarding additional fees)). Accordingly, Plaintiff is awarded an additional $1,302.00.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's motion for attorney fees [ECF No. 17] is granted. Counsel is awarded $8,071.64 in attorney fees for her representation of Plaintiff before this Court, and $1,302.00 for the reply papers to the Commissioner's opposition to her EAJA motion, for a sum total of $9,373.64.

DATED:     June 17, 2021
           Rochester, New York


                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge